# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KHOR CHIN LIM,**
        **Plaintiff,**

v.                                                    **Case No. 11-CV-00708**

**SCOTT WALKER, GOH CHOK TONG, BMO FINANCIAL GROUP, BMO HARRIS BANK N.A., and DOES 1 THROUGH 18,**
        **Defendants.**

## DECISION AND ORDER

On July 25th, 2011, plaintiff Khor Chin Lim filed a pro se complaint seeking damages, a temporary restraining order, and a preliminary injunction. The defendants named in the original complaint were Scott Walker, the Governor of Wisconsin, Goh Chok Tong, a former Prime Minister of Singapore, and 15 other unknown defendants. Two days later, plaintiff filed an amended complaint adding as defendants BMO Financial Group, BMO Harris Bank N.A., and three other unknown defendants. This brought the total number of defendants sued under fictitious names to 18 ("Does 1-18").

This Court has the power "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). A complaint must be dismissed if it either fails to state a claim on which relief can be granted or is legally "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). When reviewing a complaint, a court is obliged to give a pro se plaintiff's allegations a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Having screened this complaint, I now dismiss the case

without prejudice on two alternative grounds: 1) the complaint fails to state a claim on which relief can be granted; and 2) the complaint is legally frivolous.

## DISCUSSION

First, a complaint should be dismissed for failure to state a claim upon which relief can be granted if it appears beyond a doubt that the plaintiff cannot prove any facts that would entitle him to relief. Wilson v. Price, 624 F.3d 389, 391-92 (7th Cir. 2010). In deciding whether the plaintiff has stated a claim, I must accept all of the allegations in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). In his First Amended Complaint, plaintiff's primary allegation is that the defendants, acting in concert and as co-conspirators, conducted electronic surveillance in plaintiff's studio apartment in violation of the Foreign Intelligence Surveillance Act of 1978, ("FISA") 50 U.S.C. §§ 1801-11. (First Am. Compl. 5.) The problem is that FISA only creates a civil cause of action against a federal official who engages in electronic surveillance "under color of law." 50 U.S.C. §§ 1809-10. Plaintiff has not named any federal officials as defendants in this lawsuit. Therefore, the portion of the complaint relating to FISA must be dismissed for failure to state a claim.

In addition to the federal claim under FISA, plaintiff presents several state law claims. Having dismissed his federal claim, I decline to exercise supplemental jurisdiction over plaintiff's state law claims and thus dismiss those claims as well. See 28 U.S.C. § 1367(c). Plaintiff alleges that, a week after bugging his apartment, defendants returned to plaintiff's home and "caused to be spread/infused/disseminated/circulated in the studio toxic substances in the form of pollen/chemicals/chemical products," which caused injury to the plaintiff. (First Am. Compl. 5-6.) By spreading these toxic substances, plaintiff alleges that defendants committed the torts of assault, battery, private nuisance, trespass, intentional

infliction of emotional distress, and conspiracy and aiding and abetting. (First Am. Compl. 7-12.) Plaintiff asks the court to exercise supplemental jurisdiction over these state law tort claims under 28 U.S.C. § 1367(a) because his FISA claim raises a federal question that gives the court original jurisdiction under 28 U.S.C. § 1331. Plaintiff is correct that original jurisdiction over his federal claim gives this court the right to exercise supplemental jurisdiction over his related state law claims. 28 U.S.C. § 1367(a). However, one reason a district court may decline to exercise supplemental jurisdiction is that the court has dismissed all claims that it has original jurisdiction over. 28 U.S.C. § 1367(c)(3). This practice avoids needless decisions of state law by federal courts. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). I have decided to decline to exercise supplemental jurisdiction in this case and to dismiss plaintiff's state law claims.

Alternatively, I dismiss this case because plaintiff's claim is legally frivolous. A frivolous claim is one that "no reasonable person could suppose to have any merit," Lee v. Clinton, 209 F. 3d 1025, 1026 (7th Cir. 2000), meaning that it lacks an arguable basis in law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). When deciding whether a claim is frivolous, a judge does not have to accept every allegation as true. Instead, the court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327-28. Plaintiff alleges that the governor of the State of Wisconsin, a former prime minister of Singapore, a bank, and 18 unknown individuals have all engaged in a conspiracy to bug and poison his home. (First Am. Compl.) The complaint provides very few facts to support these serious allegations, and the complaint does not indicate why this diverse group of defendants would be motivated to work with one another to harm plaintiff. At best, the complaint alleges that plaintiff's home was poisoned because of a lawsuit he filed

after defendants were already electronically monitoring his activities. The lawsuit he refers to was filed the day before the toxins were spread, and the suit alleged that BMO Financial Group, BMO Harris Bank N.A., Goh Chok Tong, and 15 unnamed defendants had stolen money from plaintiff's bank account. No reasonable person could find that the claims described in this case have a valid factual basis.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2011

        s/_____
        LYNN ADELMAN
        District Court Judge