# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KHOR CHIN LIM,**
        **Plaintiff,**

     v.                                      Case No. 11-CV-00708

**SCOTT WALKER, GOH CHOK TONG,**
**BMO FINANCIAL GROUP, BMO HARRIS**
**BANK N.A., and DOES 1 THROUGH 18,**
        **Defendants.**

## DECISION AND ORDER

Pro se plaintiff Khor Chin Lim filed this lawsuit on July 25, 2011, and on September 14, 2011, I dismissed the case on two alternative grounds: 1) the complaint fails to stated a claim, and 2) the complaint is frivolous. Plaintiff has now filed a motion for reconsideration and to vacate the judgment, and a motion asking me to recuse myself from this case. Since I do not find any basis for recusal, I am denying that motion. I am also denying plaintiff's motion for reconsideration for the following reasons.

Plaintiff first asks me to reverse the dismissal of the complaint for failure to state a claim. The primary allegation in the complaint is that the defendants, acting in concert and as co-conspirators, conducted electronic surveillance in plaintiff's studio apartment in violation of the Foreign Intelligence Surveillance Act of 1978 ("FISA"), 50 U.S.C. §§ 1801–11. The defendants named in the complaint are Scott Walker, the Governor of Wisconsin, Goh Chok Tong, a former Prime Minister of Singapore, BMO Financial Group, BMO Harris Bank N.A., and 18 other unknown defendants ("Does 1-18"). One of the reasons I dismissed plaintiff's claim is because FISA only creates a civil cause of action

against federal officials, and plaintiff's complaint only named private citizens and state officials as defendants. Plaintiff seeks reconsideration of my decision because he argues that no provision of FISA limits liability to federal officers, but plaintiff is mistaken. 50 U.S.C. § 1809(d) only allows this court to hear claims against an individual who was "an officer or employee of the United States at the time the offense was committed." See also 50 U.S.C. § 1810 (giving private citizens the right to sue for violations of section 1809). Therefore, I will not reverse my earlier ruling on this point.

Plaintiff next asks me to reverse the dismissal of the complaint as frivolous. A frivolous claim is one that "no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F. 3d 1025, 1026 (7th Cir. 2000). Plaintiff alleges that, a week after bugging his apartment, defendants returned to plaintiff's home and "caused to be spread/infused/disseminated/circulated in the studio toxic substances in the form of pollen/chemicals/chemical products," which caused injury to the plaintiff. As a result, plaintiff claims that defendants committed the torts of assault, battery, private nuisance, trespass, intentional infliction of emotional distress, conspiracy, and aiding and abetting. I dismissed the complaint because the claims contained in it do not seem plausible. It provides very few facts and it does not indicate why this diverse group of defendants would be motivated to work with one another to harm plaintiff. In seeking reconsideration of my dismissal, plaintiff's brief merely discusses the other cases that he has filed in which Goh Chok Tong is named as a defendant, and the brief notes that Tong is "the main cause of the problems." The brief does not present any arguments that would justify reversal of my earlier ruling.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for recusal and motion to vacate the judgment [DOCKET #38] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration and motion to vacate the judgment [DOCKET #33] are **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January 2012.

s/_____
LYNN ADELMAN
District Judge